IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, *Subscribing to Policy Number 2623TDUBMDJ1L3157*, | § § § § § | |
| Plaintiff, | § § | Case No. 3:20-cv-3151-K |
| v. | § § | |
| MORAL TRANSPORTATION, LLC, and BISRAT TEKLE, | § § § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Certain Underwriters at Lloyd's, London's "Motion for Entry of Default Judgment Against Defendants." Mot. (ECF No. 18). For the following reasons, the Court should DENY Plaintiff's motion.

## Background

On October 16, 2020, Plaintiff, a foreign citizen of the United Kingdom, filed its original complaint against Defendant Moral Transportation, LLC (Moral), a Texas citizen, and Bisrat Tekle, a Washington citizen, seeking a declaratory judgment concerning coverage, indemnity, and its duty to defend under Moral's insurance policy in connection with an accident in Mobile, Alabama. *See* Compl.

(ECF No. 1); Am. Compl. (ECF No. 4). Plaintiff subsequently amended its complaint to allege the citizenship of Moral's sole member, in compliance with the Court's order, confirming that the Court has diversity jurisdiction over this lawsuit under 28 U.S.C. § 1332. Order (ECF No. 3); Am. Compl.

After the Court prompted Plaintiff to serve its lawsuit, Plaintiff filed executed returns of service indicating that it served Tekle on January 26, 2021, and Moral on February 4, 2021. Return of Service (ECF Nos. 9, 10); E-Order (ECF No. 8). Though Tekle's attorney, Robert Haslam, filed a notice of appearance on January 15, 2021, neither Tekle nor Moral has answered or otherwise responded to Plaintiff's amended complaint. Notice (ECF No. 7). Accordingly, on March 10, 2021, the Court notified Plaintiff that unless it moved for default judgment "or provide[d] to the Court valid reasons why this case should be kept on the docket," the Court would dismiss it without prejudice. E-Order (ECF No. 15). Thus, Plaintiff filed a request for the Clerk to enter a default against Moral and Tekle, which the Clerk did on March 16, 2021. Request for Default (ECF No. 16); Entry of Default (ECF No. 17).

When a default has been entered pursuant to Federal Rule of Civil Procedure 55(a), the factual allegations of the complaint are taken as true. *U.S. For Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2nd Cir. 1981); *Nishimatsu Constr.*

*Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)). Here, Plaintiff alleges it underwrote a Commercial General Liability Policy issued to Moral, Policy 2623TDUBMDJ17L3157, which was effective from August 25, 2017, to August 25, 2018. Am. Compl. 3. On March 25, 2017, Tekle agreed to lease his freightliner and driving services to Moral under an "Owner Operator Lease Agreement." *Id.* 4. Thereafter, Tekle hired Duta Gebre to work as a co-driver with him "on loads for Moral Transportation." *Id.* But on December 3, 2017, around 6:50 a.m., Gebre was driving the freightliner in Mobile, Alabama, when he tried to exit to a "welcome center," failed to follow the curve in the road, drove off the road, and struck some trees, causing the truck to catch fire. *Id.* 3. Tekle was in the sleeper berth when the accident occurred and sustained injuries—Gebre died as a result of the accident. *Id.* At the time of the accident, Tekle and Gebre "were acting as team drivers for . . . Moral Transportation on a trip from San Antonio, Texas, to Mullins, South Carolina." *Id.* 4.

On September 24, 2019, Plaintiff's third-party administrator, National Transportation Adjusters, sent a letter to Moral for Plaintiff "disclaiming and denying any and all liability or contractual obligations to Defendant Moral Transportation or others under the Policy." *Id.* National Transportation Adjusters also sent a letter to Tekle's attorney denying Tekle's claim against Moral "as there was no coverage under the Policy." *Id.* Then on March 30, 2020, Tekle filed a

complaint against Moral, Gebre's estate (the "Estate"), and "others," in Washington state court, alleging that Moral and Gebre's negligence associated with the accident resulted in his injuries. *Id.* Plaintiff assigned counsel to defend Moral and the Estate. *Id.* On October 15, 2020, Plaintiff "sent a reservation of rights to Moral Transportation, notifying [it] that Plaintiff would continue to provide a defense for [it] and the Estate [ ] in the [state-court] [l]awsuit subject to a full reservation of rights under the Policy, and restating its position that coverage for Tekle's losses was excluded by the Policy." *Id.* 4-5.

Moral's policy excludes coverage for "bodily injury" to an "'employee' of the 'insured' arising out of and in the course of: Employment by the 'insured'; or Performing the duties related to the conduct of the 'insured's' business." *Id.* 5. It also excludes coverage for bodily injury to "[a]ny fellow 'employee' of the 'insured' arising out of and in the course of the fellow 'employees' [sic] employment or while performing duties related to the conduct of your business." *Id.* 6. Plaintiff asserts Tekle "was an 'employee' and/or 'fellow employee' of the 'insured,'" and "coverage for his injuries are [sic] excluded under the Policy." *Id.*

On March 17, 2021, Plaintiff filed its motion for default judgment against Moral and Tekle, requesting the Court enter judgment and declare: (1) Moral's policy does not cover the damages Tekle seeks in the underlying lawsuit because Tekle is considered an employee or fellow employee under the policy; (2) Plaintiff

does not have a duty to defend Moral or the Estate, which is not a party to this lawsuit, against Tekle's claims in the underlying lawsuit because the policy does not cover those claims; (3) Plaintiff does not have a duty to indemnify Moral or the Estate for Tekle's claims in the underlying lawsuit because the policy does not cover those claims; and (4) Plaintiff may withdraw from providing or paying for Moral and the Estate's defense in the underlying lawsuit. Mot. 5. Tekle responded and objects that Plaintiff's service was defective because he never received Exhibit A attached to Plaintiff's amended complaint. Resp. 8 (ECF No. 23); Ex. A (ECF No. 4-1). Moral failed to respond to Plaintiff's motion. Once Plaintiff's motion was fully briefed, the District Court referred it to the undersigned for findings and a recommendation. Reply (ECF No. 24); E-Order (ECF No. 25). Accordingly, Plaintiff's motion is ripe for determination.

## Legal Standards and Analysis

Rule 55 governs applications for default and default judgment. Fed. R. Civ. P. 55. Three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond within the time required by the Federal Rules of Civil Procedure. *Id.* The Clerk will enter a default when the party's default is established by an affidavit or otherwise. *Id.*

(citing Fed. R. Civ. P. 55(a)). After the entry of default, a plaintiff may apply to the court for a default judgment. *Id.*

However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Whether to enter default judgment is within the sound discretion of the court. *Id.* (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) ("[T]he entry of default judgment is committed to the discretion of the district judge.")). "[A] 'party is not entitled to a default judgment as a matter of right, even where a defendant is technically in default.'" *Id.* (quoting *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)); *accord Nat'l Cas. Co. v. KT2 LLC*, 2021 WL 1338221, at *2 (N.D. Tex. Apr. 8, 2021) (Brown, J.). To determine whether to enter default judgment, the Court should examine: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the Court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2685 (2d ed. 1983)).

Here, though Moral and Tekle failed to answer or otherwise respond to Plaintiff's amended complaint, and the Clerk has entered default against them, Tekle's counsel appeared in this case and filed a response to Plaintiff's motion. Tekle contends Plaintiff "did not properly complete service of process" because it "failed to include the Exhibit to its Complaint" and "rel[ied] upon an inapplicable Texas State rule allowing service of out-of-state residence [sic]." Resp. 8 & n.3. The Exhibit was necessary to include because it "carries important insurance endorsements that 'change – who is an insured' to include Defendant Bisrat Tekle," and "allows Bisrat Tekle to file a bad faith lawsuit against the Plaintiff in Washington." *Id*. 9.

Plaintiff argues in reply that even if the complaint served on Tekle did not contain Exhibit A, that does not constitute defective service because "Tekle and his counsel have had access to the electronic records since at least January 15, 2021." Reply 3. Further, Plaintiff states that under the Federal Rules of Civil Procedure "process may be served 'pursuant to the law of the state in which the district court is located,'" and that the "Texas long-arm statute permits service to be accomplished by serving process on the Secretary of State for service of process on a nonresident defendant who 'engages in business' in Texas." *Id*. 4 (quoting Fed. R. Civ. P. 4(e); Tex. Civ. Prac. & Rem. Code § 17.044(a)(1)). "Tekle unquestionably

engaged in business in Texas by contracting by mail or otherwise with a Texas resident, Moral Transportation . . . ." *Id.* 5.

The proper-service question takes up much of the parties' response and reply briefs. And while the question before the Court is not whether service was defective, because Tekle has not filed a Rule 12(b)(5) motion to dismiss, the validity of service bears upon whether the Court should enter a default judgment. "When a district court lacks [personal] jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside under Federal Rule of Civil Procedure 60(b)(4)." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) (citing *Leedo Cabinetry v. James Sales & Distrib., Inc.,* 157 F.3d 410, 412 (5th Cir. 1998)). Accordingly, the Court should decline to enter default judgment against Tekle because, if Plaintiff failed to properly serve him, "the Court would think itself obliged to set [it] aside . . . on [Tekle's] motion." *See Lindsey*, 161 F.3d at 893.

In his response, Tekle asserts "[i]f an answer is filed in this case, defenses to this action will include but will not be limited to waiver, equitable estoppel, improper venue, lack of personal and subject matter jurisdiction, failure to add an indispensable party and failure to state a claim on which relief can be granted," and asks the Court to set aside the Clerk's entry of default, deny Plaintiff's motion for default judgment, dismiss this action for lack of prosecution, or allow Tekle to

8

file his answer and "properly respond." Resp. 6, 10. But excepting Tekle's desire for the Court to deny Plaintiff's motion and permit him leave to file an answer, his requests—made only in response to Plaintiff's motion—are not properly before the Court. Thus, the District Court should order Tekle to file his answer, motion to dismiss, motion to set aside the Clerk's entry of default, or 28 U.S.C. § 1404(a) motion to transfer venue within 30 days of the date of the District Court's order accepting this recommendation.

Concerning Moral, Plaintiff argues that Tekle's response has no "bearing on the fact that Defendant Moral Transportation has also defaulted and made no appearance herein." Reply 2. Though Tekle may not respond on behalf of Moral, "[i]t is within a court's discretion to deny entry of default judgment when other parties are litigating the merits of the action and the defense 'generally inures to the benefit of a defaulting defendant.'" *Nat'l Cas. Co.*, 2021 WL 1338221, at *2 (quoting *State Auto Prop. & Cas. Ins. Co. v. Bartlett*, 2013 WL 12126271, at *2 (N.D. Tex. Sept. 20, 2013) (quoting *Lewis*, 236 F.3d at 768)). And "[c]ourts have denied motions for default judgment to avoid the possibility of inconsistent judgments between the appearing and defaulting defendants." *Id.* (citing *Impala African Safaris, LLC v. Dall. Safari Club, Inc.*, 2013 WL 6231413, at *3 (N.D. Tex. Dec. 2, 2013); *Nat'l Liab. & Fire Ins. Co. v. Young*, 2020 WL 6122546, at *3 (N.D. Tex. Feb. 19, 2020) (Hendrix, J.) (declining to enter default judgment where

9

insurance company sought declaration it owed no duty to defend or indemnify defaulting defendant and non-defaulting defendant denied allegation vehicle was not covered under policy); *Deutsche Bank Nat'l Tr. Co. v. Rodriguez*, 2018 WL 1475239, at *1 (S.D. Tex. Feb. 27, 2018) (Stacy, J.) (denying motion for default judgment in declaratory judgment action where relief requested affects answering co-defendant), *adopted by* 2018 WL 1468707 (S.D. Tex. Mar. 21, 2018)). Though Moral failed to respond to Plaintiff's motion, and both Tekle and Moral are in default, Tekle provided a defense as to why he failed to appear and has indicated he now intends to defend against this lawsuit. Accordingly, the District Court should decline to enter default judgment against Moral at this time "to avoid the possibility of inconsistent judgments between the appearing"—since Tekle has appeared—"and defaulting defendants." *Id.*; *see also Raleigh Cycle Co. of Am. v. Risha*, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987) (citing *Frow v. De La Vaga*, 15 Wall 552, 554 (1872); 10 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2690 (1973); 6 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 55.056 at 55-81 (2d. ed. 1948, revised 1972)) ("Where one of multiple defendants is in default, as a general rule, a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants."); *Sun Bank of Ocala*, 874 F.2d at 276 ("The Federal Rules of Civil Procedure are designed

for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver.").

## Recommendation

For the foregoing reasons, the District Court should DENY Plaintiff Certain Underwriters at Lloyd's, London's "Motion for Entry of Default Judgment Against Defendants" (ECF No. 18) without prejudice and decline to enter default judgment at this time. The District Court should also grant Defendant Tekle leave to file his answer, motion to dismiss, motion to set aside the Clerk's entry of default, or § 1404(a) motion to transfer venue, within 30 days of its order accepting this recommendation.

**SO RECOMMENDED.**

June 4, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).